10523

STATE v. WILLIAMS.

(105 S. E. 343.)

1. CRIMINAL LAW—INSTRUCTION HELD NOT ON FACTS NOR TO INDICATE COURT'S OPINION.—In a prosecution for housebreaking and larceny, instruction that, "If you believe what he (defendant) says, the charge is not receiving stolen goods, but he is charged with housebreaking and larceny, and you would have to turn him loose," *held* not a charge on the facts, nor one indicating the Court's opinion.

2. CRIMINAL LAW—CHARGE HELD NOT TO LIMIT JURY TO DEFENDANT'S INDIVIDUAL STATEMENT.—In a prosecution for housebreaking and larceny, instruction that, "If you believe what he (defendant) says, the charge is not receiving stolen goods, but he is charged with housebreaking and larceny, and you would have to turn him loose," *held,* in view of other instructions given, as to reasonable doubt arising from all the evidence, not objectionable as limiting the jury to the defendant's individual statement.

Before RICE, J., Aiken, May term, 1920. Affirmed.

Elbert Williams indicted for housebreaking and larceny, and, upon conviction, appeals.

*Mr. A. H. Ninestein,* for appellant, cites: *Charge was in violation of art. V, section 26, Const. 1895:* 67 S. C. 218.

*Mr. R. L. Gunter, Solicitor,* for respondent, cites: *Proof of value is question of fact for the jury:* 3 Hill 421; 6 S. C. 384. *And Supreme Court has no right to disturb a finding on such fact:* 35 S. C. 176. *Where crime was committed in a certain locality it is for jury to say if crime was committed in the county alleged:* 61 S. C. 73. *Language of charge not a charge on the facts:* 63 S. C. 310. *Illustrations to show how inferences may be drawn are not charges on the facts:* 82 S. C. 144; 79 S. C. 124. *Charge must be considered as a whole:* 113 S. C. 515; 101 S. E. 847; 86 S. C. 428; 95 S. C. 101.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a case of housebreaking and larceny. The larceny is the stealing of a gun. The prosecuting witness said that he was the owner of a valuable gun; that he attended his brother's funeral; that, before going, he hid his gun in his house and locked the door; that, on his return from the funeral, he found that his house had been broken open and his gun stolen. The gun was found in the possession of the appellant. The defendant's testimony is not given in the record. The first exception was abandoned at the hearing. This appeal is from the charge of the presiding Judge. His Honor charged:

"If you believe what he says" (meaning defendant), "the charge is not receiving stolen goods, but he is charged with housebreaking and larceny, and you would have to turn him loose."

The complaint is:

    1. That this is a charge on the facts.

    This is not a charge on the facts, and this exception cannot be sustained.

    2. That the words used indicated his Honor's belief.

The words used did not indicate his Honor's belief. This exception is overruled.

    3. Because this charge limited the jury to the defendant's individual statement.

His Honor charged the jury elsewhere as follows:

"There are two distinct offenses charged in the indictment, and before the State can ask you to convict on either of these offenses she must have made out a case on that charge beyond a reasonable doubt, which means a substantial doubt, founded in the evidence or lack of evidence to support the charge. If, afer consideration of all of the evidence in the case, you are still uncertain, then there is a reasonable doubt in your mind, and you must acquit the defendant, but that does not mean that the State must make out its case to an absolute or mathematical certainty. A reasonable doubt is what it pays. Any attempt to make any further explanation would be confusing."

This charge gave the defendant the benefit of all the evidence in the case, and all the things that should have been proved but were not.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE did not participate on account of sickness.