## 11098

### STATE v. KANELLOS

(115 S. E., 636)

1. CRIMINAL LAW—CHARGE AS TO RIGHT OF OFFICER TO SEIZE LIQUOR AND TO ARREST WITHOUT WARRANT HELD NOT ERRONEOUS AS CHARGE ON FACTS.—In a prosecution for unlawfully transporting intoxicating liquor, an instruction that an officer has the right to arrest a man transporting liquors in his sight, and, if there be evidence that the

officer making the arrest detected the party arrested in the. act of violating the law, and knew by his sense of sight, reinforced by his sense of smell, that the law was being violated, that would be sufficient to render the arrest and seizure legal, and to allow the consideration of the liquor seized, *held* not a charge on the facts.

2. CRIMINAL LAW—LIQUOR SEIZED WITHOUT WARRANT NEVERTHELESS ADMISSIBLE IN EVIDENCE.—In a prosecution for unlawfully transporting intoxicating liquor that the arresting officer, without a warrant, seized certain liquor in defendant's possession, did not prevent such liquor from being introduced in evidence.

Before TOWNSEND, J., Richland, May, 1921.    Affirmed.

Louis Kanellos convicted of unlawful transportation of intoxicating liquors, appeals.

*Messrs. Claud N. Sapp* and *G. Duncan Bellinger,* for appellant, cite: *Illegal searches and seizures:* 9 S. C., '309; 105 S. E. 283; 103 S. E., 510. *Indiscriminate issuance of search warrants:* 104 S. C., 147. *Searches and seizures:* 116 U. S., 816; 232 U. S., 383; 251 U. S., 385; 255 U. S., 298. *Charge on facts:* 47 S. C., 488; 90 S. C., 183; 89 S. C., 142; 85 S. C., 265.

*Mr. A. F. Spigner, Solicitor,* for the State.

January 11, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant thus states his case:

"The plaintiff in error, hereinafter called the defendant, was tried before Hon. W. H. Townsend and a jury at the May term of the Court of General Sessions for Richland county, and, upon the defendant being found guilty, the Court sentenced him to serve six months upon the public works of Richland county, or 'a like period in the State penitentiary, but suspended the sentence during good behavior, provided that the defendant should serve one month of the six months that he was sentenced to serve.

"J. P. Smalls, a police officer of the city of Columbia, and the only witness introduced by the State, testified that early in the morning of the 19th of February, 1921, he saw the defendant get out of an automobile with a crocus sack full of bottles; that he knew they contained bottles of whisky by the shape and smell; that it was so dark that it was necessary for him to use his flash light in order to tell whether the man was white or colored; the sack was not opened until the defendant was sent to police headquarters; after he arrested him, he saw liquor in the car; that he did not have a search warrant to search either the defendant or the car.

"The defendant did not offer any testimony, and moved to strike out the testimony of the witness, on the ground that the testimony was obtained without a warrant, as required by the Constitution of South Carolina and the Constitution of the United States, which motion was overruled by the Court."

### ARGUMENT

"It will be seen that the first two exceptions raised practically the same questions, to wit: That his Honor, Judge Townsend, erred in admitting the testimony of the witness Smalls, with reference to the result of a search of the defendant's person and automobile without a search warrant, in violation of Section 16 of Article 1 of the Constitution of South Carolina, as well as the Fourth and Fifth Amendments of the Constitution of the United States. The two exceptions will therefore be argued together."

I. The recent case of *State v. Green* (S. C.), 114 S. E., 317, shows that the first assignment of error cannot be sustained.

II. The second assignment of error is:

"The third exception assigns error in the trial Judge's instruction to the jury, and alleges that the trial Judge charged upon the facts of the case, in violation of the Constitution of South Carolina, by instructing the jury as fol-

lows: 'An officer has a right to arrest a man transporting liquors in his sight, and if there should be evidence to show and to satisfy you that the officer making the arrest, or seizure, detected the party arrested, or searched, in the act of violating the law forbidding the transportation of alcoholic liquors in this State, and knew by the exercise of his sense of sight, reinforced by the sense of smell, if the evidence shows that the sense of smell assisted him in detecting the violation of law, that would be sufficient to render the arrest and seizure legal, and to allow the consideration of the article seized in evidence before the jury determining whether the party was then engaged in violating the law.' "

This was not a charge on the facts, but on the law, in regard to the right of an officer to seize property and make an arrest without a warrant. Even here his Honor was careful to say, "If there should be evidence to show." See *State v. Williams,* 115 S. C., 245; 105 S. E., 343.

This was not a proceeding to recover the possession of goods seized without a warrant, nor to discharge the persons from an illegal arrest. The method by which the evidence was obtained was not pertinent to the issue then being tried, as is shown by the case of *State v. Green, supra.*

The judgment is affirmed.